ORIGINAL

1 MICHAEL J. STORTZ (SBN #139386)
michael.stortz@dbr.com
2 DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
3 San Francisco, CA 94105-2235
Telephone:    (415) 591-7500
4 Facsimile:    (415) 591-7510

5 Attorneys for Defendant
COMCAST CORPORATION
6
SEAMUS C. DUFFY
7 seamus.duffy@dbr.com
MICHAEL W. MCTIGUE JR.
8 michael.mctigue@dbr.com
MICHAEL P. DALY
9 michael.daly@dbr.com
DRINKER BIDDLE & REATH LLP
10 One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
11 Telephone:    (215) 988-2700
Facsimile:    (215) 988-2757
12
Attorneys for Defendant
13 COMCAST CORPORATION

14

15

16

17

**Filed**

MAR – 9 2012

E-filing

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**CV 12 - 01190**

18

19 CRAIG RITCHIE, individually and on
behalf of all others similarly situated,

20                    Plaintiff,

21           v.

22 COMCAST CORPORATION,

23                    Defendant.

Case No. _____

**NOTICE OF REMOVAL**

24

25         Defendant Comcast Corporation ("Comcast"), by and through undersigned counsel and

26 pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, hereby gives notice of the removal of this action

27 from the Superior Court of California, Santa Cruz County, to the United States District Court for

28 the Northern District of California. In support thereof, Comcast avers as follows.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL

CASE NO. _____

**JURISDICTIONAL STATEMENT**

1.      The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (2005) grants federal courts jurisdiction over class actions in which there is: minimal diversity; an aggregate amount in controversy in excess of $5,000,000; and 100 or more class members. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).

2.      This Court has original jurisdiction over this action pursuant to CAFA because: (1) it was commenced after February 18, 2005; (2) there is minimal diversity; (3) there are more than 100 putative class members; and (4) the aggregate amount in controversy exceeds $5,000,000.

3.      On or about January 27, 2012, nearly seven (7) years after CAFA's effective date, Plaintiff Craig Ritchie ("Plaintiff") commenced this action by filing a putative class action complaint in the Superior Court of California, Santa Cruz County, under the caption *Craig Ritchie v. Comcast Corporation*, No. CV-173162, attached hereto as part of Exhibit A.

4.      Comcast is a citizen of Pennsylvania because it is incorporated in Pennsylvania, Compl. ¶ 1  ("Defendant Comcast is a corporation incorporated under the laws of the State of Pennsylvania"), *id.* ¶ 8 ("Defendant Comcast is a Pennsylvania corporation"), and it has its principal place of business in Pennsylvania. *Id.* ¶ 1  ("Defendant Comcast ... [has] its principal place of business in Pennsylvania."), *id.* ¶ 8 ("Defendant Comcast ... [has] its principal place of business in Pennsylvania.").

5.      Plaintiff is a citizen of California, *id.* ¶ 5 ("Plaintiff Craig Ritchie is a resident of Scotts Valley, California."),[1] who brings this putative interstate class action on behalf of "all Comcast customers in California who, from January 27, 2008 to the present, had their services suspended by Comcast and were charged for services not received during the period their services were suspended." *Id.* ¶ 9.

6.      Accordingly, there is minimal diversity between Comcast (a Pennsylvania citizen)

---

[1] Although Plaintiff only alleges that he is a "resident" of California, presumably he meant to allege that he is a citizen of California as well.  In any event, minimal diversity undoubtedly exists here irrespective of Plaintiff's citizenship; at least one putative class member is surely a California citizen and thus has citizenship that is diverse from Comcast's.

1    and both the Plaintiff (a California citizen) and members of the putative class (people located "in"

2    California but potentially domiciled in and citizens of other states).  28 U.S.C. § 1332(d)(2)(A);

3    *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) (adopting nerve center test for determining

4    corporations' principal place of business); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826,

5    828 (1989) (differentiating between residence and domicile).

6         7.    Plaintiff alleges that the putative class consists of "thousands of people," making it

7    "so numerous that individual joinder of all members is impracticable." Compl. ¶ 11.

8         8.    Since January 27, 2008, more than 100 Comcast subscribers with California billing

9    addresses have had their service suspended and, by Plaintiff's logic, were "charged for services

10   not received during the period their services were suspended." *Id.* ¶ 9.

11        9.    Accordingly, there are more than 100 members of the putative class. *See* 28

12   U.S.C. § 1332(d)(5)(B).

13        10.   Plaintiff seeks compensatory "damages in the amount of the fees charged for each

14   day in excess of the terms permitted by the Contract upon suspension of services." Compl. ¶ 48.

15        11.   Based on the number of Comcast subscribers with California billing addresses who

16   had their service suspended, and the average price charged for Comcast's services since 2008, by

17   Plaintiff's logic the aggregate requested compensatory damages from "January 27, 2008, to the

18   present" would exceed $5,000,000.  That number would increase if it included charges for service

19   that may be partially and/or temporarily suspended after the date of this notice.[2]

20        12.   Plaintiff also seeks an award of "attorneys' fees and costs" pursuant to California

21   Code of Civil Procedure § 1021.5, Compl. ¶ 32, Prayer for Relief ¶ 4, which may be included in

22   the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

23   ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or

24   discretionary language, such fees may be included in the amount in controversy."). An attorneys'

25   _____

26        [2] By removing an action under CAFA, defendants do not concede that they have liability,
     let alone liability of greater than $5,000,000, to the members of the putative class. *See, e.g., Brill*
     *v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not
27   have to confess liability in order to show that the controversy exceeds the threshold").

28

1   fees award in a certified class action can amount to as much as thirty percent (30%) of a class's

2   recovery, which could increase the amount in controversy by 30% or, put another way, to 130%

3   of the recovery claimed for the class. *See, e.g., Frederico v. Home Depot*, 507 F.3d 188, 199 (3d

4   Cir. 2007) (citing cases).

5          13.    Plaintiff also seeks "extraordinary equitable relief and/or injunctive relief" from

6   Comcast. Compl., Prayer for Relief ¶¶ 5, 6. Due to the interstate nature of Comcast's services,

7   advertisements, notices, and billing system, the costs of complying with the requested equitable

8   relief could be substantial.

9          14.    Although Comcast denies it has any liability to Plaintiff or the putative class, and

10   denies that any such class could be properly certified under Federal Rule of Civil Procedure 23,

11   the aggregate amount placed "in controversy" by the Complaint -- that is, the aggregate value of

12   all damages, costs and fees sought by the Plaintiff and Defendant's costs of complying with all

13   equitable relief sought by the Plaintiff, clearly exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6)

14   ("In any class action, the claims of the individual class members shall be aggregated to determine

15   whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

16   and costs.").

17          15.    Because this is a putative class action that was commenced after February 18,

18   2005 in which there is minimal diversity, more than 100 putative class members, and more than

19   $5,000,000 in the aggregate in controversy, this Court has original subject matter jurisdiction.

20   *See* 28 U.S.C. § 1332(d)(2)(A).

21          16.    Because this action states a basis for original subject matter jurisdiction under 28

22   U.S.C. § 1332, it is removable pursuant to 28 U.S.C. § 1441(a).

23                                **PROCEDURAL STATEMENT**

24          17.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint

25   and all other process, pleadings and orders that Plaintiff purportedly served on Comcast as of the

26   date of this Notice are attached hereto collectively as Exhibit A.

27          18.    Pursuant to 28 U.S.C. 1446(b), this Notice of Removal has been timely filed

28   within thirty (30) days of service because Comcast received a copy of Plaintiff's Complaint on or

1   after February 8, 2012.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

2      19.    Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for

3   the Northern District of California, San Jose Division is proper because that District and Division

4   embrace the Superior Court of California, Santa Cruz County, where this action is now pending.

5   *See* 28 U.S.C. § 84(a).

6      20.    Pursuant to 28 U.S.C. § 1446(d), Comcast will promptly file a copy of this Notice

7   of Removal in the Superior Court of California, Santa Cruz County, and give written notice of the

8   removal of this action to counsel for Plaintiff.

9      21.    By removing the action to this Court, Comcast does not waive any defenses,

10   objections or motions available to it under state or federal law.  Comcast expressly reserves the

11   right to require that the claims of the Plaintiff and/or certain members of the putative class be

12   decided through individual arbitrations, to move for judgment in favor of Comcast pursuant to

13   Rules 12 and 56 of the Federal Rules of Civil Procedure, and to strike or oppose the certification

14   of any putative class pursuant to Federal Rule of Civil Procedure 23.

15      **WHEREFORE**, pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, Comcast respectfully

16   removes to federal court the above-captioned civil action, which is currently pending in the

17   Superior Court of California, Santa Cruz County.

18   Dated: March 9, 2012                    DRINKER BIDDLE & REATH LLP

19

20                                           By:  ~~meer CAA~~

21                                               Michael J. Stortz

22                                           Attorneys for Defendant
                                             COMCAST CORPORATION

23   Of Counsel

24   Seamus C. Duffy
     Michael W. McTigue Jr.
25   Michael P. Daly
     DRINKER BIDDLE & REATH LLP
26   One Logan Square, Ste. 2000
     Philadelphia, PA 19103-6996
27   Telephone: (215) 988-2700
     Facsimile: (215) 988-2757

28

# EXHIBIT A

2/08/12  0 2:53

Fax

Jan 27 2012 02:48pm  P006/016

# SUMMONS
## (CITACION JUDICIAL)

SUM-100



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

JAN 2 7 2012

ALEX CALVO, CLERK
BY DEBORAH ROJAS
DEPUTY, SANTA CRUZ COUNTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO:)*

COMCAST CORPORATION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE:)*

CRAIG RITCHIE, Individually and on Behalf of All Others Similarly
Situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: | CASE NUMBER: *(Número del Caso)* |
| *(El nombre y dirección de la corte es):* Santa Cruz Superior Court | 1 7 3 1 6 2 |

701 Ocean Street
Santa Cruz, CA 95060          Rm 110

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Glancy Binkow & Goldberg LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA (310) 201-9150

| | | | | |
|---|---|---|---|---|
| DATE: *(Fecha)* JAN 2 7 2012 | ALEX CALVO | Clerk, by *(Secretario)* | DEBORAH ROJAS | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  Comcast corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date): 2/08/12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**

| | | |
|---|---|---|
| Santa Cruz Branch<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060 | Watsonville Branch<br>1 Second Street, Room 300<br>Watsonville, CA 95076 | *For Court Use Only*<br>JAN 2 7 2012<br>ALEX CALVO, CLERK<br>BY DEBORAH ROJAS<br>DEPUTY, SANTA CRUZ COUNTY |

PLAINTIFF:   CRAIG RITCHIE

DEFENDANT: COMCAST

| | CASE NO: |
|---|---|
| **CASE MANAGEMENT INFORMATION AND SETTING** | CISCV173162 |

This case is in Santa Cruz County's Case Management Program.  It is the Duty of each party to be familiar with the California rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants.  Notice of any other pending case management conference must be served on subsequently named defendants and cross-defendants.

**ATTENTION DEFENDANT:  YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT.  THE DATE BELOW DOES NOT EXTEND THE TIME TO FILE A RESPONSE.  SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.**

---

**The first Case Management Conference hearing date is:**

**Date: 05/25/12**          **Time: 8:29**          **Department No.:  5**

Address of the Court: ☒ 701 Ocean Street, Santa Cruz, California          ☐ 1 Second Street, Watsonville, California

---

*Telephonic court appearances are provided through CourtCall to the court.  To make arrangments to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.  DO NOT CALL THE COURT.*

CMC [Rev. 2/08]

Fax                                    Jan 27 2012 02:46pm  P002/016

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Elizabeth M. Gonsiorowski (268926) Glancy Binkow & Goldberg LLP 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 | **F I L E D** JAN 27 2012 ALEX CALVO, CLERK BY DEBORAH ROJAS DEPUTY, SANTA CRUZ COUNTY |

TELEPHONE NO.: (310) 201-9150       FAX NO.: (310) 201-9160
ATTORNEY FOR *(Name):* Plaintiff Craig Ritchie

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Santa Cruz
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Cruz, CA. 95060
BRANCH NAME: Santa Cruz Courthouse

CASE NAME:
Ritchie v. Comcast Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **CV 173162** |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* unfair business practices act; consumer legal remedies act; breach of contrac
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/27/12

Elizabeth M. Gonsiorowski
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov

FILED BY FACSIMILE

Fax                    Jan 27 2012 02:49pm P007/016

LIONEL Z. GLANCY (134180)
KEVIN F. RUF (136901)
ELIZABETH M. GONSIOROWSKI (268926)
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**F I L E D**

JAN 27 2012

ALEX CALVO, CLERK
BY DEBORAH ROJAS,
DEPUTY, SANTA CRUZ COUNTY

*Attorneys for Plaintiff*

FILED BY FACSIMILE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CRUZ

| | |
|---|---|
| CRAIG RITCHIE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, <br><br> Defendant. | CASE NO.  CV 173162 <br><br> CLASS ACTION <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Craig Ritchie, individually and on behalf of all persons similarly situated, by and through counsel, brings this class action complaint for damages against defendant Comcast Corporation ("Comcast") for unfair and deceptive business practices. He alleges the following based on knowledge of his own acts and upon information and belief as to all other allegations:

## NATURE OF ACTION

1.    Defendant Comcast is a corporation incorporated under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania. Comcast conducts a substantial amount of its business in California, which is one of the largest markets for defendant. Comcast is the largest cable provider in the United States. According to the company's 2010 form 10K,

1   Comcast is currently a leading provider of video, high-speed Internet and phone services, offering

2   a variety of entertainment information and communications services to residential and commercial

3   customers.

4      2.      When Comcast suspends or disconnects its customers' services, it charges

5   customers for services not received during the period services were suspended and/or

6   disconnected.

7      3.      Each Plaintiff and class member was wronged because they were charged for

8   services they did not actually receive during the time period in which their Comcast services were

9   suspended. As a result, Plaintiff was forced to pay for services he did not actually receive, causing

10  him damages.

11                          **JURISDICTION AND VENUE**

12      4.      The amount in controversy exceeds the jurisdictional minimum of this Court.

13      5.      This Court has jurisdiction over the defendant named herein because defendant

14  does sufficient business in California, has sufficient minimum contacts with California or

15  otherwise intentionally avails itself of the markets within California through sales and marketing

16  to render the exercise of jurisdiction by the California courts permissible under traditional notions

17  of fair play and substantial justice.

18      6.      Venue is proper in this Court because the misconduct at issue took place and had

19  effects in this County.

20                              **THE PARTIES**

21      7.      Plaintiff Craig Ritchie is a resident of Scotts Valley, California and began service

22  with Comcast at his home.   After making partial payments towards his unpaid balance, his

23  Comcast services were suspended. Upon reinstating his services, he was charged for services not

24  received during the time his account had been suspended.

25      8.      Defendant Comcast is a Pennsylvania corporation with its principal place of

26  business in Pennsylvania. Comcast advertises and sells its services throughout the United States,

27  including the State of California, and sells millions of dollars worth of products annually in the

28  State of California.

## CLASS DEFINITIONS AND ALLEGATIONS

9.    Plaintiff brings this action on behalf of himself and members of a proposed California Plaintiff class (the "Class"). The proposed Class, which Plaintiff seeks to represent, comprises all Comcast customers in California who, from January 27, 2008 to the present, had their services suspended by Comcast and were charged for services not received during the period their services were suspended.

10.    Plaintiff brings this action on behalf of himself and the Class pursuant to California Code of Civil Procedure §382, and the procedural provisions of Rule 23 of the Federal Rules of Civil Procedure, as they have been adopted for use, referenced, and interpreted by California courts.

11.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that thousands of persons are members of the Class. The precise number of class members and their addresses are unknown to Plaintiff. Class members may be notified of the pendency of this action by published and/or mailed notice.

12.    There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

13.    Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual class members.

14.    The questions common to members of the Class are, *inter alia*:

a.    Whether, by the misconduct set forth in this Complaint, defendant has engaged in unfair, fraudulent or unlawful business practices with respect to the advertising, marketing and sales of Comcast services;

b.    Whether defendant violated the Consumer Legal Remedies Act; and

c.    Whether, as a result of defendant's misconduct as alleged herein, Plaintiff and the Class are entitled to injunctive relief and other remedies to which class members are

1   entitled as a result of defendant's wrongful conduct, and, if so, the amount and nature of such

2   relief.

3       15.   Plaintiff's claims are typical of the claims of the members of the Class as all

4   members of the Class are similarly affected by defendant's wrongful conduct. Plaintiff has no

5   interests antagonistic to the interests of the other members of the Class. Plaintiff and all members

6   of the Class have sustained economic injury arising out of the defendant's violations of common

7   and statutory law as alleged herein.

8       16.   Plaintiff is an adequate representative of the Class because his interests do not

9   conflict with the interests of the members of the Class he seeks to represent; he has retained

10  counsel competent and experienced in complex class action litigation; and Plaintiffs intends to

11  prosecute this action vigorously. The interests of members of the Class will be fairly and

12  adequately protected by Plaintiff and his counsel.

13      17.   A class action is superior to all other available methods for the fair and efficient

14  adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the

15  damages suffered by individual class members may be relatively small, the expense and burden of

16  individual litigation make it impossible for members of the Class to individually redress the

17  wrongs done to them.   There will be no difficulty in the management of this class action.

18  Individualized litigation presents the potential for inconsistent or contradictory judgments. A class

19  action presents far fewer management difficulties and provides the benefits of single adjudication,

20  economy of scale, and comprehensive supervision by a single court.

21                      **SUBSTANTIVE ALLEGATIONS**

22      18.   Since 1963, defendant or its predecessors have sold cable service throughout the

23  United States.

24      19.   Comcast's residential services agreement states that upon failure to pay the full

25  amount owed for Comcast services, Comcast may suspend or disconnect services.

26      20.   On or about August of 2011, Plaintiff was unable to pay the full amount owed for

27  Comcast services. After making a payment towards his unpaid balance, Comcast disconnected

28  Plaintiff's Comcast services on or about September 2011.

1      21.    On or about November 2011, Plaintiff called Comcast seeking to reinstate his

2  services, and was informed that in order to reinstate his services, he would be required to pay for

3  services he did not actually receive during the time his services were suspended.

4      22.    Plaintiff and all other class members have not received full refunds for charges

5  incurred for services they did not actually receive during the time in which their services were

6  disconnected.  Thus, no class member has been placed in the position he or she was in before

7  defendant assessed customers charges for services not actually received.

8      23.    On December 16, 2011, Plaintiff, through his counsel, sent to defendant a

9  Notification and Pre-Lawsuit demand letter pursuant to California Code of Civil Procedure

10  §1021.5 and California Civil Code §1782 concerning the improper billing practices employed by

11  Comcast. The letter enumerated the charges for services not received, and requested restitution on

12  a class-wide basis.

13      24.    Defendant received Plaintiff's Notification and Pre-Lawsuit letter on December 21,

14  2011 and, to date, has failed to respond.

15      25.    Defendant deliberately and systematically charged customers for services they did

16  not receive during time periods in which their services were disconnected.

17      26.    Plaintiff and all absent class members were charged more in service fees than they

18  owed.  Plaintiff and all other class members each suffered economic injury as a result of

19  defendant's conduct.

20  **FIRST CLAIM FOR RELIEF**

21  **Unfair Business Practices Act**

22  **Cal. Bus. & Prof. Code § 17200 et seq.**

23      27.    Plaintiff, on behalf of himself and on behalf of all others similarly situated,

24  realleges each and every allegation above as if fully set forth herein, and further allege as follows.

25      28.    The Unfair Business Practices Act defines unfair business competition to include

26  any "unfair," "unlawful," or "fraudulent" business or practice.  Cal. Bus. & Prof. Code §17200.

27  Unfair competition also includes "unfair, deceptive, untrue or misleading advertising."  The Act

28  also provides for injunctive relief and restitution for violations.

5
CLASS ACTION COMPLAINT

1      29.    Throughout the Class Period, defendant promoted Comcast cable services

2 throughout the country, including the State of California, in publications, on the radio, and in

3 televised advertisements. These representations were unfair and deceptive, as defined by Business

4 & Professions Code §17200, in that they stated customers would be billed for services received.

5      30.    Defendant's conduct is unfair in that the harm to Plaintiff and the Class arising

6 from defendant's conduct outweighs the utility, if any, of those practices.

7      31.    Defendant engaged in conduct that is unlawful in that it is a violation of the

8 Consumer Legal Remedies Act, in addition to other potential statutory violations.

9      32.    As a direct and proximate result of the acts and practices alleged above, pursuant to

10 California Business & Professions Code §17203, Plaintiff and the Class are therefore entitled to:

11 (a) an Order requiring defendant to cease the acts of unfair competition alleged herein; (b) full

12 restitution of all monies paid to defendant as a result of its deceptive practices; (c) interest at the

13 highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant

14 to, *inter alia, California Code of Civil Procedure* §1021.5.

15                        **SECOND CLAIM FOR RELIEF**

16                           **Deceptive Practices**

17          **Consumer Legal Remedies Act, California Civil Code §1750 et seq.**

18      33.    Plaintiff realleges and incorporates herein by reference each of the foregoing

19 paragraphs.

20      34.    At all relevant times, Plaintiff was a "consumer," as that term is defined in Civ.

21 Code § 1761(d).

22      35.    At all relevant times, Comcast cable and internet constituted "services," as that

23 term is defined in Civ. Code § 1761(b).

24      36.    At all relevant times, defendant was a "person," as that term is defined in Civ. Code

25 § 1761(c).

26      37.    At all relevant times, Plaintiff's purchases of cable services constituted a

27 "transaction," as that term is defined in Civ. Code § 1761(e).

28

38.    The policies, acts, and practices described in this Complaint were intended to and did result in the sale of Comcast cable to consumers. In advertising and promoting Comcast to the public, defendant represented, directly or by implication, that customers would not be billed for services not received. However, defendant failed in that defendant billed customers for services they did not receive during periods where customers' services had been disconnected by Comcast. Had Plaintiff and members of the Class known that they would be charged for cable services not received, they would not have purchased Comcast services. Defendant, at all relevant times, knew that Plaintiff and members of the Class did not know or could not have reasonably discovered this fact prior to their purchases.

39.    Plaintiff and the members of the Class were harmed by defendant's deceptive acts when, after having their services disconnected by Comcast, they were required to pay for services not received during periods of disconnection.

40.    . Defendant's practices, acts, policies, and course of conduct violated the California Consumer Legal Remedies Act, *California Civil Code* §1750 *et seq.*, (the "CLRA"), in that defendant represented that goods had characteristics, uses and benefits which they did not have; in violation of §1770(a)(5) of the CLRA.

41.    Defendant's practices, acts, policies and course of conduct violated the CLRA in that Defendant represented that services were of a particular standard or quality, when they were of another, in violation of §1770(a)(7) of the CLRA.

42.    Defendant's practices, acts, policies and course of conduct violated the CLRA in that Defendant advertised goods or services with intent not to sell them as advertised in violation of §1770(a)(9) of the CLRA.

43.    Plaintiff seeks damages of all monies received by defendant as a result of charges for services not received, as provided in *California Civil Code* §1780. Plaintiff is informed and believes that the amount of said restitution is unknown at this time, but will seek relief to amend this complaint at the time of trial when the same has been ascertained.

44.    Plaintiff seeks injunctive relief for the CLRA claims alleged in this Complaint.

45.     In compliance with the provisions of Civil Code §1782, Plaintiff has given written notice to the named defendant of their intention to file a complaint for damages under Civil Code §1750, et seq.  However, over 30 days have elapsed, and defendant has failed to offer appropriate consideration or other remedy to all affected consumers as described in the written notice.

## THIRD CLAIM OF RELIEF

### Breach of Contract

46.     Plaintiff realleges and incorporates herein by reference each of the foregoing paragraphs.  Plaintiff and each member of the Class entered into a written contract with defendant ("Contract").

47.     Defendant breached the terms of the Contract in that defendant charged Plaintiff and members of the Class for more fees than were permitted under the Contract in that defendant charged Plaintiff and members of the Class for services not received during periods of suspension and/or disconnection.

48.     As a result of defendant's breach of the Contract, Plaintiff and the Class have suffered damages in the amount of the fees charged for each day in excess of the terms permitted by the Contract upon suspension of services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests on behalf of himself and other members of the Class, for judgment against defendant as follows:

1.     An Order certifying the Class, and appointing Plaintiff and his undersigned counsel of record to represent the Class;

2.     Awarding damages and injunctive relief in favor of Plaintiff and the other class members against defendant;

3.     For actual damages for injuries suffered by Plaintiff and the members of the proposed Class as a result of defendant's breach of its contract and promises with Plaintiff and the members of the proposed Class;

1    4.    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in

2 this action, including counsel fees and expert fees pursuant to *California Code of Civil Procedure*

3 §1021.5;

4    5.    Awarding such other and further relief as this Court may deem just and proper

5 including any extraordinary equitable relief and/or injunctive relief as permitted by law or equity

6 to attach, impound or otherwise restrict defendant's assets to assure Plaintiff and the members of

7 the Class have an effective remedy; and

8    6.    Awarding such other and further relief as this Court may deem just and proper

9 including any extraordinary equitable relief and/or injunctive relief as permitted by law or equity

10 to attach, impound or otherwise restrict defendant's assets to assure Plaintiff and the members of

11 the Class have an effective remedy.

12                    **JURY DEMAND**

13    Plaintiff hereby demands a trial by jury.

14

15 Dated: January 27, 2012                 **GLANCY BINKOW & GOLDBERG LLP**

16

17                    By: _____
                            Kevin F. Ruf
18                          Lionel Z. Glancy
                            Elizabeth M. Gonsiorowski
19                     1925 Century Park East, Suite 2100
                       Los Angeles, California 90067
20                     Telephone: (310) 201-9150
                       Facsimile: (310) 201-9160
21
22                     *Attorneys for Plaintiff*
23
24
25
26
27
28

 CT Corporation

**Service of Process
Transmittal**
02/08/2012
CT Log Number 519945740

TO:    Rosemarie Pierce
       Comcast Corporation
       1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
       Philadelphia, PA 19103

RE:    **Process Served in California**

FOR:   Comcast Corporation (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Craig Ritchie, individually and on behalf of all others similarly situated, Pltf. vs. Comcast Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Case Management Information, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Santa Cruz County - Superior Court - Santa Cruz, CA<br>Case # CV173162 |
| **NATURE OF ACTION:** | Class Action - Plaintiff was charged for services not received while services were suspended |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/08/2012 at 14:53 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 5/25/12 at 8:29 - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Kevin F. Ruf<br>Glancy Binkow & Goldberg LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>310-201-9150 |
| **REMARKS:** | Please note that Page 2 of the Cover Sheet was not received with the documents at the time of service. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/08/2012, Expected Purge Date: 02/13/2012<br>Image SOP |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / DR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
02/15/2012
CT Log Number 519987844

TO:     Rosemarie Pierce
        Comcast Corporation
        1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
        Philadelphia, PA 19103

RE:     **Process Served in California**

FOR:    Comcast Corporation (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Craig Ritchie, individually and on behalf of all others similarly situated, Pltf. vs. Comcast Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Proof of Service(s) |
| **COURT/AGENCY:** | Santa Cruz County - Superior Court - Santa Cruz, CA<br>Case # CV173162 |
| **NATURE OF ACTION:** | Proof of Service Summons |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 02/15/2012 postmarked on 02/14/2012 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Glancy Binkow & Goldberg LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>310-201-9150 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/15/2012, Expected Purge Date: 02/20/2012<br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  2 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
02/15/2012
CT Log Number 519987844

TO:   Rosemarie Pierce
      Comcast Corporation
      1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
      Philadelphia, PA 19103

RE:   **Process Served in California**

FOR:  Comcast Corporation (Domestic State: PA)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Case Management Information, Cover Sheet, Complaint | By Process Server on 02/08/2012 at 14:53 | Rosemarie Pierce Comcast Corporation | 519945740 |

Page 2 of  2 / MS

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

| Attorney or Party without Attorney:<br>LIONEL Z. GLANCY, ESQ., Bar #134180<br>GLANCY BINKOW & GOLDBERG LLP<br>1925 CENTURY PARK EAST<br>SUITE 2100<br>LOS ANGELES, CA 90067<br>Telephone No: 310-201-9150          FAX No: 310-201-9160 | For Court Use Only |
|---|---|
| *Ref. No. or File No.:* | |
| Attorney for: Plaintiff | |
| Insert name of Court, and Judicial District and Branch Court:<br>SANTA CRUZ COUNTY SUPERIOR COURT | |
| Plaintiff: CRAIG RITCHIE, ETC. | |
| Defendant: COMCAST CORPORATION | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CV173162 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; CASE MANAGEMENT INFORMATION AND SETTING.

3. a. *Party served:*          COMCAST CORPORATION
   b. *Person served:*         MARGARET WILSON, PROCESS SPECIALIST, CT CORPORATION
                               SYSTEM, REGISTERED AGENT.

4. *Address where the party was served:*   818 WEST 7TH STREET
                                           2ND FLOOR
                                           LOS ANGELES, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Feb. 08, 2012 (2) at: 2:53PM

6. The "*Notice to the Person Served*" (on the Summons) was completed as follows:
   *on behalf of:* COMCAST CORPORATION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. DOUG FORREST                                      d.   *The Fee for Service was:*

   **First Legal**   1511 West Beverly Blvd.            e.   I am: (3) registered California process server
                     Los Angeles, CA 90026                   (i)    Independent Contractor
                     Telephone    (213) 250-9111            (ii)   *Registration No.:*        5141
                     Fax          (213) 250-1197            (iii)  *County:*                  Los Angeles
                     www.firstlegalnetwork.com

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* Thu, Feb. 09, 2012

PROOF OF SERVICE<br>SUMMONS                              (DOUG FORREST)        3156426  tiogl.426685

## PROOF OF SERVICE VIA U.S. MAIL

I, the undersigned, say:

I am a citizen of the United States and am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On February 14, 2012, I served the following document:

### PROOF OF SERVICE SUMMONS

on counsel for the parties in this action, addressed as stated below:

CT Corporation
Registered Agent for Comcast Corporation
818 West 7th Street
2nd Floor
Los Angeles, CA 90017

**By Mail:** By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

Executed on February 14, 2012, at Los Angeles, California.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Harry H. Kharadjian

UNITED STATES POSTAGE

PITNEY BOWES

02 1P   $ 000.50⁰

0004479499   FEB 14 2012
MAILED FROM ZIP CODE 90067

GLANCY BINKOW & GOLDBERG LLP

ATTORNEYS AT LAW

1925 CENTURY PARK EAST
SUITE 2100
LOS ANGELES, CALIFORNIA 90067

20017342550

CT Corporation
Registered Agent for Comcast Corporation
818 West 7th Street, 2nd Floor
Los Angeles, CA 90017

**CERTIFICATE OF SERVICE**

I, Lee Ann L. Alldridge, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500. On March 9, 2012, I caused to be served the following document(s):

**NOTICE OF REMOVAL**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☒ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ BY EMAIL: I caused such documents to be transmitted by e-mail to the following e-mail addresses as set forth below.

☐ BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐ BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Lionel Z. Glancy
Kevin F. Ruf
Elizabeth M. Gonsiorowski
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on March 9, 2012 at San Francisco, California.

LEE ANN L. ALLDRIDGE

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CERTIFICATE OF SERVICE
SF01/766130.1

CASE NO. CV-11-3002 SBA